# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

| | |
|---|---|
| In Re: | |
| Darin R Davis and<br>Kimberly S. Davis | Bankruptcy Case<br>No. 12-40083-JDP |
| Debtors. | |

---

| | |
|---|---|
| Randy Poole and<br>Trudi Poole, | |
| Plaintiffs, | |
| vs. | Adv. Proceeding<br>No. 12-8039-JDP |
| Darin R Davis | |
| Defendant. | |

---

## MEMORANDUM OF DECISION

---

Appearances:

Brett R. Cahoon, RACINE, OLSON, NYE, BUDGE & BAILEY, CHARTERED, Pocatello, Idaho, Attorney for Plaintiffs.

MEMORANDUM OF DECISION – 1

**James B. Green, GREEN & GREEN LAW FIRM, Pocatello Idaho, Attorney for Defendant.**

*Introduction*

In this adversary proceeding, Plaintiffs Randy Poole and Trudi Poole ("Plaintiffs") seek entry of a summary judgment excepting their claim against chapter 7[1] debtor, Defendant Darin R. Davis ("Defendant") from discharge pursuant to § 523(a)(2)(A). Dkt. No. 8. On September 11, 2012, the Court conducted a hearing on Plaintiffs' motion. Having considered the arguments of the parties, Plaintiffs' motion and brief and documentary exhibits,[2] this Memorandum disposes of the motion. For the reasons explained below, Plaintiffs' motion will be granted.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

[2] Defendant filed no brief, or other pleading, in opposition to Plaintiffs' motion for summary judgment. However, Defendant did file an exhibit list the day before the hearing on the motion for summary judgment. Dkt. No. 14. The exhibit lists included an order from the Idaho Supreme Court submitting an appeal for decision on the briefs and a notice of appeal from the clerk of the Idaho Supreme Court. *Id.* At the hearing on the motion for summary judgment, counsel for Defendant asked that the exhibit be considered by the Court.

MEMORANDUM OF DECISION – 2

*Facts*

The material facts in the record are undisputed.

Defendant agreed to build a home for Plaintiffs in Blackfoot, Idaho for $399,000. Plaintiffs obtained a loan for the project, and during the construction, authorized Defendant to make draws on the loan. Defendant eventually drew $450,000 on the loan, and obtained an additional $222,865.84 in cash from Plaintiffs, representing to them that the extra funds were needed to pay for unexpected costs associated with the project.

When they became dissatisfied with their arrangement, in August, 2009, Plaintiffs sued Defendant in Idaho state court for his alleged breach of their contract, and also for breach of warranty for Defendant's alleged poor workmanship in building the home. In July 2010, Plaintiffs amended their complaint to add a cause of action against Defendant for fraud.

In January 2011, the state court conducted a jury trial. On January 6, 2011, the jury found, in a special verdict, that Defendant had indeed committed fraud in his dealings with Plaintiffs. Based on the verdict, the state court entered a judgment for Plaintiffs against Defendant for $65,331

MEMORANDUM OF DECISION – 3

in damages on January 11, 2011.  Defendant did not appeal this judgment.

After entry of the judgment, Plaintiffs asked the state court to award them the attorney's fees and costs they incurred in pursuing their state court claims against Defendant.  The state court denied Plaintiffs' request.  Plaintiffs appealed this decision to the Idaho Supreme Court.  This appeal remains pending.

On January 23, 2012, Defendant and his spouse, Kimberly S. Davis, filed a chapter 7 bankruptcy petition.  They listed Plaintiffs' judgment against Defendant in schedule F as an unsecured claim in the amount of $66,179.62.  Bk. Case No. 12-40083-JDP, Dkt. No. 1.

On April 25, 2012, Plaintiffs commenced this adversary proceeding.  In their complaint, Plaintiff seek a judgment from this Court determining that the debt represented by the Idaho state court judgment is nondischargeable in Defendant's bankruptcy under §§ 523(a)(2), (4), and (6).  Dkt. No. 1.  In his answer to the complaint, Defendant generally denies the allegations of Plaintiffs' complaint, and contends, as a further defense, that because there is a pending appeal with the Idaho Supreme

MEMORANDUM OF DECISION – 4

Court, Plaintiffs' judgment is not a "final judgment upon which relief should be granted."  Dkt. No. 6 at 2.  Defendant prays that the adversary proceeding be "stayed" until the judgment has become final because, if the appeal is "granted [it] would require further proceedings versus [Defendant]."  *Id.*

Relying solely on § 523(a)(2)(A), Plaintiff filed a motion for summary judgment.  Dkt. No. 9.  In their brief, Plaintiffs argue the state court judgment finding, effectively, that Defendant committed fraud should be given preclusive effect in the adversary proceeding.  *Id.* at 5.  Plaintiffs submitted copies of the jury instructions given to the state court jury.  Dkt. No. 10, Ex. B.  As to the fraud count, the instructions state that Plaintiffs:

> have the burden of proving each of the following propositions by clear and convincing evidence:  1. That the defendant stated a fact to the plaintiffs; 2. The statement was false; 3. The statement was material; 4. The defendant either knew the statement was false or was unaware whether the statement was true at the time the statement was made; 5. The plaintiff did not know that the statement was false; 6. The defendant intended for the plaintiffs to rely upon the statement and act upon it in a manner reasonably contemplated; 7. The plaintiffs did rely upon the truth of the statement; 8. The plaintiffs'

MEMORANDUM OF DECISION – 5

> reliance was reasonable under all the circumstances; 9. The plaintiffs suffered damages caused by the reliance on the false statement; 10. The nature and extent of the damages to the plaintiffs, and the amount thereof . . . .

*Id.* at 11.  Plaintiffs also submitted the special verdict form completed by the jury.  Dkt. No. 10, Ex. C.  In it, in response to a question, the jury answers that it had found by clear and convincing evidence that the defendant committed fraud.  *Id.* at 15.  Finally, Plaintiffs submitted the Judgment on Special Verdict entered by the Idaho state court at the conclusion of the jury trial.  Dkt. No. 10, Ex. D.

While Defendant's counsel appeared at the motion hearing and argued, Defendant filed no response to Plaintiffs' motion for summary judgment.

*Analysis and Disposition*

**I. Applicable Law**

A.  Motion for Summary Judgment Standard

Rule 7056 incorporates Federal Rule of Civil Procedure 56, which provides the familiar summary judgment standard.  "The court shall grant

MEMORANDUM OF DECISION – 6

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 7056(a). The party seeking summary judgment bears the initial burden to demonstrate the absence of a genuine issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met by the moving party, the adverse party must provide evidence that sets forth a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). Finally, "[w]hen issue preclusion bars the parties from relitigating material issues, summary judgment may be granted." *Killgore Adventures, LLC v. Marek (In re Marek)*, 468 B.R. 406, 409 (Bankr. D. Idaho 2012) (citing *Ross v. Alaska*, 189 F.3d 1107, 1113 (9th Cir. 1999)).

### B.  Issue Preclusion

"[T]he preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001) (citing The Full Faith and Credit Act, 28

MEMORANDUM OF DECISION – 7

U.S.C. § 1738).  In Idaho, issue preclusion is appropriate when:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Bach v. Bagley*, 229 P.3d 1146, 1157 (Idaho 2010).  The party seeking to enforce the preclusive effect of the prior judgment has the burden of proving the above test is satisfied.  *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995), *aff'd*, 100 F.3d 110 (9th Cir. 1996).  With respect to "a final judgment on the merits," factor (4) in the *Bach* test,

> a final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect . . . while preclusion should be refused if the previous decision was avowedly tentative, other factors supporting the conclusion that the decision was final for purposes of issue preclusion include[] whether the parties were fully heard, whether the court supported its decision with a reasoned opinion, and whether the decision was subject to appeal.

MEMORANDUM OF DECISION – 8

*Rodriguez v. Dep't of Correction*, 29 P.3d 401, 405 (Idaho 2001) (citing Restatement (Second) of Judgments § 13 (1982)) (internal quotation marks omitted).

Issue preclusion applies in proceedings seeking an exception to discharge under § 523(a). *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991). However, determining whether to apply issue preclusion is left to the bankruptcy court's broad discretion. *United Services Auto. Ass'n v. Pair (In re Pair)*, 264 B.R. 680, 683-84 (Bankr. D. Idaho 2001); *see also Catmull v. Vierra (In re Vierra)*, 08.2 IBCR 56, 59 (Bankr. D. Idaho 2008)

### C.  Fraud under § 523(a)(2)(A)

Section 523(a)(2)(A) excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit . . . obtained by false pretenses, a false representation, or actual fraud . . . ." To establish an exception to discharge under § 523(a)(2)(A), the creditor must prove, by preponderance of the evidence:  "(1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to

MEMORANDUM OF DECISION – 9

deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct." *Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000).

## II. Analysis

Here, there is no dispute as to any material fact. Plaintiffs submitted documents from the state court, including the special verdict, in which the jury, per the jury instructions, found that Defendant had committed fraud in his dealings with Plaintiffs. Defendant filed no response to these submissions, and has identified no dispute as to any material fact. As a result, per Rule 7056, the Court need only decide whether, on this record, Plaintiffs are entitled to a judgment as a matter of law.

The legal issue raised by Defendant at the hearing on Plaintiffs' motion was whether Plaintiffs' appeal of the order denying their request for an award of litigation costs to the Idaho Supreme Court somehow renders the state court's judgment "non-final" and thus, not preclusive. At the hearing, the Court also inquired of Plaintiffs' counsel whether the

MEMORANDUM OF DECISION – 10

facts found by the jury in the special verdict to support its conclusion that, under Idaho law, Defendant committed fraud, satisfy the elements for an exception to discharge under § 523(a)(2)(A).

### A. The State Court's Judgment is "Final" and Entitled to Preclusive Effect.

Defendant argued at the motion hearing, that because of the pending appeal, the state court's judgment is not a final judgment for preclusion purposes. The Court disagrees.

Idaho Rule of Civil Procedure 54(a) provides that "A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief *except costs and fees*, asserted by or against all parties in the action." (emphasis added). Under this rule, it is clear that the judgment entered against Defendant is final. As is expressly recognized in the Idaho rule, it is of no consequence that issues remain for resolution concerning Plaintiffs' claim for attorney fees and costs against Defendant. In other words, the judgment finally resolved "all claims for relief" asserted by Plaintiffs against Defendant,

MEMORANDUM OF DECISION – 11

except for those involving costs and fees.

Moreover, applying the standard announced in *Rodriguez v. Dep't of Correction*, there is nothing in the record to suggest that the jury's verdict in the state court action was in any way "avowedly tentative." 29 P.3d at 405. It is undisputed that parties presented their state court case to a twelve-person jury, which then considered the evidence and reached its verdict. Based on that verdict, the state court judgment was entered, and Defendant did not appeal. On these facts, then, the state court's judgment is final, and the Court finds, in exercising its broad discretion, to apply issue preclusion in this case.

> B.  As Shown by the Jury Instructions, the Facts Found in the Jury's Special Verdict Finding Satisfy the Requirements of § 523(a)(2)(A).

Although not raised by Defendant in his oral argument, the Court asked counsel to address whether the elements of fraud under Idaho law are the same as those required for an exception to discharge under § 523(a)(2)(A). The Court is satisfied that the answer to this question is "yes."

MEMORANDUM OF DECISION – 12

As noted above, the state court gave submitted written jury instructions to the jury. Dkt. No. 10, Ex. B. The facts required for the jury to find that Defendant committed fraud as explained in those jury instructions, and those required to prove the resulting judgment is excepted from discharge in bankruptcy under § 523(a)(2)(A), are indeed very similar.

There is one difference in these elements, though, as pointed out by the Court at argument. As explained in the jury instructions, to establish fraud under Idaho law, Plaintiffs' reliance on Defendant's misrepresentations must have been "reasonable." In contrast, to establish an exception to discharge for actual fraud under § 523(a)(2)(A), the creditor must demonstrate "justifiable reliance." However, as explained by the Supreme Court in *Field v. Mans*, while § 523(a)(2)(A) requires "justifiable reliance," this is a lesser standard that one requiring "reasonable reliance." 516 U.S. 59, 73-74 (1995). As a result, since the jury determined that Plaintiffs *reasonably* relied on the misrepresentations of Defendant, they have satisfied the lesser standard of showing *justifiable*

MEMORANDUM OF DECISION – 13

reliance for purposes of § 523(a)(2)(A).

Additionally, the jury instructions required that the jury find Defendant guilty of fraud by clear and convincing evidence.  Again, this evidentiary standard is higher than that required by § 523(a)(2)(A), which only requires proof by a "preponderance of the evidence."  *See Grogan v. Garner*, 498 U.S. 279, 286 (1991) (noting that the clear and convincing standard is a higher standard of proof, and holding that the lesser standard of "preponderance of the evidence" is applicable in actions under § 523(a)).

## *Conclusion*

The Idaho state court judgment is entitled to preclusive effect in this § 523(a) action.[3]  Based on that judgment, Defendant's debt owed to Plaintiffs is excepted from discharge pursuant to § 523(a)(2)(A), and Plaintiffs' motion for summary judgment should be granted.  The Court

---

[3] Although Defendant has not argued otherwise, the Court concludes that the state court's judgment also satisfies the other requirements for issue preclusion articulated by the Idaho Supreme Court in *Bach v. Bagley.*

MEMORANDUM OF DECISION – 14

will enter a separate order. Counsel for Plaintiffs shall submit an appropriate form of judgment for entry by the Court. Counsel for Defendant shall approve the form of judgment.

Dated: October 10, 2012

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge